**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHONG LEE DAN,**

                                        **Plaintiff,**

        **vs.**                                                    **1:24-CV-1233**
                                                                  **(MAD/PJE)**

**STATE OF NEW YORK,** *et al.*,

                                        **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**
Chong Lee Dan
Cairo, New York 12413
Plaintiff *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On October 8, 2024, Plaintiff Chong Lee Dan commenced this action, *pro se*, against the

State of New York, Greene County, the Town of Cairo, various state, county, and town actors,

and one private actor alleging violations of his rights pursuant to 42 U.S.C. §§ 1983, 1985, and

1986.[1]  *See* Dkt. No. 1.  Plaintiff also moved to proceed *in forma pauperis*.  *See* Dkt. No. 2.[2]

---

[1] Plaintiff also alleges violations pursuant to the Administrative Procedure Act of 1946 and New York State Penal Code.  *See* Dkt. No. 1.  The individual Defendants include the following: Deputy Sheriff Ryan Schrader; Deputy Sherrif Kaitlyn Raynor; Sergeant Shawn Marriott; Sergeant Scott Christman; Sheriff Peter Kusminksy; Commissioner of the New York State Department of Motor Vehicles Mark J.F. Schroeder; County Administrator Shaun S. Groden; Town Supervisor Jason Watts; Greene County Attorney Edward I. Kaplan; District Attorney Joseph Stanzione; Assistant District Attorney Jennifer Sandleitner; Public Defender Angelo F. Scaturro; and John Vandenburgh, owner of JR's Transmission.  *See id.* at 3-6.

[2] The Court notes that Plaintiff filed another action in this District on January 27, 2025.  *See Dan v. Hochul*, No. 1:25-CV-122, Dkt. No. 1 (N.D.N.Y.).  The Court deemed that case related to the

On May 20, 2025, Magistrate Judge Paul J. Evangelista issued a Report-Recommendation and Order granting Plaintiff leave to proceed *in forma pauperis* and recommending that Plaintiff's federal claims be dismissed on grounds of sovereign immunity and failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* Dkt. No. 6 at 28. On June 4, 2025, Plaintiff filed objections. *See* Dkt. No. 7.[3]

## II. BACKGROUND

This case arises from events that took place on March 15, 2024, at approximately 3:20 p.m., when Plaintiff used his 2005 Chevrolet Astro to drive to Cairo Food Mart in the Town of Cairo in Greene County, New York. *See* Dkt. No. 1 at 6. Defendant Ryan Schrader, Deputy Sherriff with the Greene County Sheriff's Office, confronted Plaintiff because of an expired Maryland tag on Plaintiff's vehicle and later learned that the vehicle had an out-of-date registration and Plaintiff did not have a driver's license. *See id.* at 7, 8-9. Plaintiff recorded the interaction with Defendant Schrader, wherein Plaintiff received two traffic citations, one for unlicensed operation of a vehicle and another for lack of valid registration. *See id.* at 11. Plaintiff contested these citations with Defendant Schrader on the belief that New York traffic law requires a driver's license and registration only when "driving" a vehicle and not when "traveling" with a

_____

present action as Plaintiff raises nearly identical claims against Governor Kathy Hochul arising from the same events. A motion to dismiss was filed on April 14, 2025. *See id.*, Dkt. No. 17. A letter motion from Plaintiff requesting an adjournment to amend his complaint was filed on June 24, 2025, and denied on June 25, 2025. *See id.*, Dkt. Nos. 21, 22.

[3] Affording Plaintiff the special solicitude ordinarily given to *pro se* litigants, the Court notes that although Plaintiff's fifty-three-page objections exceed the twenty-five-page limit pursuant to Local Rule 72.1(c), the Court will consider them. *See* N.D.N.Y. L.R. 72.1(c); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101 (2d Cir. 2010) ("It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants").

vehicle under 49 C.F.R. § 395.1(j)(1). *Id.* at 7, 12; *see also* 49 C.F.R. § 395.1(j)(1) ("When a property-carrying commercial motor vehicle driver at the direction of the motor carrier is traveling, but not driving or assuming any other responsibility to the carrier, such time must be counted as on-duty time unless the driver is afforded at least 10 consecutive hours off duty when arriving at destination, in which case he/she must be considered off duty for the entire period").

Plaintiff also argued to Defendant Schrader that the State's registration and driver's license requirements only apply to "motor vehicles" which requires "commercial activity as an element" and, therefore, would not implicate Plaintiff's 2005 Chevrolet Astro which he lived out of and used as a means of travel. *Id.* at 7, 12; *see also* 18 U.S.C. § 31(a)(6) ("The term 'motor vehicle' means every description of carriage or other contrivance propelled or drawn by mechanical power and used for commercial purposes on the highways in the transportation of passengers, passengers and property, or property or cargo"). Defendant Schrader told Plaintiff he witnessed Plaintiff "behind the wheel on a public highway operating [a] vehicle," which constituted "driving." *Id.* at 8, 11. After receiving the citations, Plaintiff's vehicle was impounded and towed to JR's Transmission owned by Defendant John Vandenburgh. *See id.* at 13. Plaintiff pleaded "not guilty" to the citations at the Town of Cairo Municipal Court, and he "requested a supporting deposition" and "filed a motion for dismissal, a copy of the public record that Deputy Schrader received, . . . a notice on US attorney and an affidavit of sovereign status with the Cairo Municipal Court clerk." *Id.* The municipal court case was later dismissed "for lack of a supporting deposition." *Id.* at 14; *see* Dkt. No. 6 at 7.

In his complaint, Plaintiff raises fourteen causes of action and seeks over five million dollars in compensatory damages along with injunctive and declaratory relief for the return of his vehicle. *See id.* at 32. Additionally, Plaintiff wants the State of New York, County of Greene,

and Town of Cairo to adopt (1) the use of "motor vehicle" as Plaintiff claims it should be used

under 18 U.S.C. § 31(a)(6), and (2) the terms "driving" and "traveling" under 49 C.F.R. §

395.1(j)(1) into their policies, practices, and customs.  *See id.*[4]

### III. DISCUSSION

**A.     Standard of Review**

"[W]hen a party files 'general or conclusory objections or objections which merely recite

the same arguments [that he presented] to the magistrate judge,' the court reviews those

recommendations for clear error."  *Idlisan v. SUNY Upstate Med. Univ.*, No. 5:12-CV-1790, 2013

WL 486279, *1 (N.D.N.Y. Feb. 7, 2013) (quoting *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011

WL 933846, *1 (N.D.N.Y. Mar. 16, 2011)) (citations and footnote omitted).  "[A] district court

will ordinarily refuse to consider argument that could have been, but was not, presented to the

magistrate judge in the first instance."  *Bryant v. Miller*, No. 9:18-CV-0494, 2019 WL 4267376,

*2 (N.D.N.Y. Sept. 10, 2019) (citing *Zhao v. State Univ. of N.Y.*, No. 04-CV-0210, 2011 WL

3610717, *1 (E.D.N.Y. Aug. 15, 2011)).

"When a party files specific objections to a magistrate judge's report-recommendation, the

district court makes a '*de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made.'"  *Idlisan*, 2013 WL 486279, at *1

(quoting 28 U.S.C. § 636(b)(1)).  "To be 'specific,' the objection must, with particularity, 'identify

[1] the portions of the proposed findings, recommendations, or report to which it has an objection

and [2] the basis for the objection.'"  *Boice v. M + W U.S., Inc.*, 130 F. Supp. 3d 677, 683

(N.D.N.Y. 2015) (quoting N.D.N.Y. L.R. 72.1(c)).  "After the appropriate review, 'the court may

---

[4] A more complete recitation of the factual background is contained in Magistrate Judge
Evangelista's Report-Recommendation and Order.  *See* Dkt. No. 6 at 4-14.

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Idlisan*, 2013 WL 486279, at *1 (quoting 28 U.S.C. § 636(b)(1)).

When a plaintiff proceeds *pro se*, "the Court must review his complaint under a more lenient standard." *Gerken v. Gordon*, No. 1:24-CV-435, 2024 WL 5001402, *1 (N.D.N.Y. Dec. 6, 2024) (citing *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003)).  Therefore, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal citation omitted).  "'Although the court has the duty to show liberality towards *pro se* litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action *in forma pauperis*.'"  *Gerken*, 2024 WL 5001402, at *1 (quoting *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994)).  A complaint, ultimately, must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and assert "more than sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## B.    Sovereign Immunity

Magistrate Judge Evangelista first recommends that Plaintiff's claim for monetary damages against the State of New York and Commissioner Mark J.F. Schroeder of the New York State Department of Motor Vehicles, acting in his official capacity, be dismissed because of sovereign immunity under the Eleventh Amendment.  *See* Dkt. No. 6 at 14; *see also* Dkt. No. 1 at 3-4.  The Court agrees with Magistrate Judge Evangelista because, under the Eleventh Amendment, "'state governments may not be sued in federal court unless they have waived their

Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh

Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth

Amendment.'" *Yerdon v. Poitras*, 120 F.4th 1150, 1153 (2d Cir. 2024) (quoting *Gollomp v.*

*Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009)).  Additionally, sovereign immunity extends to "suits

not only against the state itself but also against state officials when sued in their official

capacities." *Id.* (citing *Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir. 2003)).

In Plaintiff's objections, he disputes the application of sovereign immunity, because

"[s]overeign immunity does not prevent individuals from suing government officials who attempt

to enforce laws that are unconstitutional or without constitutional constraints." Dkt. No. 7 at 50.

While a plaintiff can sue state officials in their official capacities for prospective injunctive relief,

Magistrate Judge Evangelista correctly concluded that Plaintiff's claims for monetary damages are

not permissible. *See* Dkt. No. 6 at 14.  Therefore, the Court adopts Magistrate Judge Evangelista's

recommendation that the State of New York and Commissioner Schroeder are immune from suit

under the Eleventh Amendment. *See id.* at 5.[5]

---

[5] In Plaintiff's objections, he also references *Ex Parte Young*. *See* Dkt. No. 7 at 49-50.  The *Ex Parte Young* doctrine provides an exception to sovereign immunity. *See Brown v. New York*, 975 F. Supp. 2d 209, 225 (N.D.N.Y. 2013).  However, it is only triggered when there is a properly pled claim for injunctive relief. *Id.*  To determine if the exception applies, "'a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ford*, 316 F.3d at 355 (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).  Plaintiff seeks "declaratory and injunctive relief against the State of New York, County of Greene, and Town of Cairo enjoining policies, practices, and customs to encourage the operating of the term 'motor vehicle' by no other definition than the definition give[n] by the United States Code[]" and wants the State to "institute policies, procedures, and training for the law enforcement agencies of these entities to bring them into compliance with constitutional standards." Dkt. No. 1 at 32.  However, Plaintiff's request for injunctive and declaratory relief, which seek to remove the state law requirement of a driver's license and/or vehicle registration as unconstitutional, is retroactive. Even if the requests were properly pled as prospective, they must be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C.** *Monell* **claims against the County and Town**[6]

Generally, the "[b]ar of Eleventh Amendment to suit in federal courts extends to states and state officials . . . but does not extend to counties and similar municipal corporations." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (citing *Lincoln Cnty. v. Luning*, 133 U.S. 529, 530 (1890)) (internal citations omitted); *see also Holley v. Lavine*, 605 F.2d 638, 644-45 (2d Cir. 1979) (concluding that a county employee defendant was not immune from suit under the Eleventh Amendment). Here, Plaintiff seeks monetary damages and injunctive relief against Defendants Greene County, the Town of Cairo, and county and town employees in their official and individual capacities—claims which Magistrate Judge Evangelista recommends be dismissed. *See* Dkt. No. 6 at 14. Although sovereign immunity generally does not bar suits against county and town defendants sued in their official capacities, these official capacity claims against the individual town and county employees are deemed to be brought against the municipalities themselves.

Plaintiff seeks to sue Greene County, the Town of Cairo, County Administrator Shaun Groden, County Attorney Edward I. Kaplan, and Town Supervisor Jason Watts pursuant to *Monell* for alleged deprivations of Plaintiff's substantive due process rights through "de facto policies . . . , practices, and customs of civil rights violations and unconstitutional practices" by "approv[ing], authoriz[ing], and acquiesc[ing] in the unlawful and unconstitutional conduct of defining the term 'motor vehicle' by a definition other than the definition given by the United States Code[.]" Dkt. No. 1 at 22.[7] Plaintiff claims that these "policies" violated his constitutional

---

[6] *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978).

[7] Plaintiff additionally asserts that these "policies" violate the Administrative Procedure Act of 1946, 5 U.S.C. § 551, *et seq.* Dkt. No. 1 at 16. The Court adopts Magistrate Judge Evangelista's recommendation that this claim is without merit as the Administrative Procedure Act is only

rights under the Fourth, Fifth, Thirteenth,[8] and Fourteenth Amendments. *Id.* at 24.

To make out a *Monell* claim, Plaintiff must "'plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" *Chompupong v. City Schenectady*, 511 F. Supp. 3d 228, 240 (N.D.N.Y. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)) (additional quotation and quotation marks omitted). "Although 'official policy' often refers to formal rules or customs that intentionally establish 'fixed plans of action' over a period of time, when a municipality 'chooses a course of action tailored to a particular situation,' this may also 'represent[ ] an act of official government "policy[.]"'" *Montero v. City of Yonkers, New York*, 890 F.3d 386, 403 (2d Cir. 2018) (quoting *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004)) (additional quotation omitted). Additionally, "'mere allegations of a municipal custom, a practice of tolerating official misconduct, or inadequate training and/or supervision are insufficient to demonstrate the existence of such a custom unless supported by factual details.'" *Hicks v. City of Syracuse*, No. 5:17-CV-0475, 2018 WL 6308653, *3 (N.D.N.Y. Dec. 3, 2018) (quoting *Tieman v. City of Newburgh*, No. 13-CV-4178, 2015 WL 1379652, *13 (S.D.N.Y. Mar. 26, 2015)). The Court agrees with and adopts Magistrate Judge Evangelista's recommendation that Plaintiff's

---

applicable to federal agencies. *See* Dkt. No. 6 at 24; *see also New York v. Atl. States Marine Fisheries Comm'n*, 609 F.3d 524, 534-35 (2d Cir. 2010) (declining to extend theory of status as a quasi-federal agency to a state agency for purposes of the Administrative Procedure Act).

[8] The Court also adopts Magistrate Judge Evangelista's recommendation that Plaintiff's claim under the Thirteenth Amendment be dismissed for failure to state a claim because Plaintiff's claim is based upon the incorrect belief that state requirements for driver's licenses "amounts to 'forced labor/involuntary servitude.'" Dkt. No. 6 at 24 (quoting Dkt. No. 1 at 21); *see also Boyle v. Town of Hammond*, No. 7:08-CV-1065, 2008 WL 11416992, *5 (quoting *United States v. Kozminski*, 487 U.S. 931, 942 (1988)) ("The phrase 'involuntary servitude' was intended "'to cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results'"") (additional citation omitted).

allegations of unconstitutional policies much be dismissed as against Defendants Greene County and Town of Cairo because they are conclusory.  *See* Dkt. No. 6 at 25.

As to the county and town employees, "in the absence of an official policy adopted by the municipality itself, municipal liability attaches only where 'a deliberate choice to follow a course of action is made . . . by the official responsible for establishing final policy with respect to the subject matter in question.'"  *Flannery v. Cnty. of Niagara*, 763 F. Supp. 3d 364, 396 (W.D.N.Y. 2025) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 483-84 (1986)).  "Whether an alleged official may be considered as a final policy-maker on behalf of a municipal defendant depends on whether applicable state law confers such status on the official and whether such status includes policy-making authority over the subject area underlying a plaintiff's § 1983 claims."  *Id.* at 397 (citing *Pembaur*, 475 U.S. at 483).  "It is ultimately the plaintiff's burden to establish, as a matter of law, 'that [an] official had final policymaking authority in the particular area involved. . . .'"  *Edrei v. City of New York*, 254 F. Supp. 3d 565, 580 (S.D.N.Y. 2017), *aff'd sub nom.*, *Edrei v. Maguire*, 892 F.3d 525 (2d Cir. 2018) (quoting *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000)). Plaintiff does not allege that Defendants Groden, Kaplan, and Watts hold final policymaking authority concerning Plaintiff's challenges to New York State traffic laws.  *See* Dkt. No. 1 at 22-24.  Therefore, Plaintiff's claims against Defendants Groden, Kaplan, and Watts are insufficient to support *Monell* liability and must be dismissed.  *See Flannery*, 763 F. Supp. 3d at 414.

**D.    Malicious Prosecution**

***1. Claims Against County Sheriff and Officers***

Next, the Court adopts Magistrate Judge Evangelista's recommendation that Plaintiff's claim for malicious prosecution against all Defendants for "caus[ing], instigat[ing], influenc[ing], or participat[ing] in the decision to charge Plaintiff with New York State Vehicle and Traffic Law

violations without probable cause[]" be dismissed.  Dkt. No. 1 at 19; *see* Dkt. No. 6 at 22.

"To prevail on a [§] 1983 claim for malicious prosecution, 'a plaintiff must show a violation of his rights under the Fourth Amendment . . . and must establish the elements of a malicious prosecution claim under state law.'"  *Shabazz v. Johnson City Police Dep't*, No. 3:18-CV-570, 2019 WL 2617016, *4 (N.D.N.Y. June 26, 2019) (quoting *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010)).  In New York, a plaintiff must allege "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995) (citing *Posr v. Doherty,* 944 F.2d 91, 100 (2d Cir. 1991)).  "Initiating a criminal proceeding against a person without probable cause, coupled with a deprivation of liberty, is a Fourth Amendment violation." *Shabazz*, 2019 WL 2617016, at *4 (citing *Murphy v. Lynn*, 118 F.3d 938, 944-45 (2d Cir. 1997)).

The Second Circuit has held that while generally police officers do not "'commence or continue' criminal proceedings against defendants, a claim for malicious prosecution can still be maintained against a police officer if the officer is found to 'play[ ] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'" *Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015) (quoting *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010)).  "As one court has observed, '[n]early all cases in which law enforcement officers were found to have initiated or continued a prosecution for purposes of a malicious prosecution claim involve officers who provided knowingly false and/or fabricated evidence to unwitting prosecutors.'"  *Besedin v. Cnty. of Nassau*, No. 18-CV-00819, 2024 WL 4225956, *12 (E.D.N.Y. Sept. 18, 2024) (quoting *Joyner v. Cnty. of Cayuga*, No. 5:20-

CV-60, 2020 WL 1904088, *8 (N.D.N.Y. Apr. 17, 2020)); *see also Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). The Court adopts Magistrate Judge Evangelista's recommendation that Plaintiff's claim must be dismissed because he has failed to allege Defendants played an active role in a prosecution or provided false information to prosecutors. *See* Dkt. No. 6 at 22-23.

In regard to Plaintiff's allegations that Defendants acted without probable cause, Plaintiff has failed to state a claim upon which relief can be granted. *See* Dkt. No. 1 at 19-20. As stated by Magistrate Judge Evangelista, Plaintiff concedes in his complaint that he did not have a driver's license or valid vehicle registration but contends that he was ticketed without probable cause because he was not required to have either. *See* Dkt. No. 6 at 23. "'[T]he existence of probable cause is a complete defense to a claim of malicious prosecution.'" *Werkheiser*, 655 F. Supp. 3d at 104 (quoting *Adams v. City of New York*, 226 F. Supp. 3d 261, 269 (S.D.N.Y. 2016)). "'Probable cause, in the context of malicious prosecution, has . . . been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty.'" *Id.* (citing *Adams*, 226 F. Supp. 3d at 269).

Under New York Vehicle and Traffic Law,

> [e]xcept while operating a motor vehicle during the course of a road test conducted pursuant to the provisions of this article, no person shall operate or drive a motor vehicle upon a public highway of this state or upon any sidewalk or to or from any lot adjacent to a public garage, supermarket, shopping center or car washing establishment or to or from or into a public garage or car washing establishment *unless he is duly licensed pursuant to the provisions of this chapter.*

N.Y. Veh. & Traf. Law § 509 (emphasis added). Additionally, New York Vehicle and Traffic Law provides that, "[n]o motor vehicle shall be operated or driven upon the public highways of this state *without first being registered* in accordance with the provisions of this article, except as

11

otherwise expressly provided in this chapter." *Id.* § 401 (emphasis added).

Here, Plaintiff claims Defendants acted without probable cause when Defendant Schrader ticketed Plaintiff for operating a vehicle without a driver's license or valid vehicle registration. *See* Dkt. No. 1 at 19. However, Plaintiff admits in his complaint that he did not have a driver's license or valid vehicle registration and told Defendant Schrader that he was not required to have either. *See* Dkt. No. 1 at 8-9. The Court adopts the recommendation of Magistrate Judge Evangelista that Plaintiff's allegations in his complaint establish probable cause for Plaintiff to be ticketed in violation of N.Y. Veh. & Traf. Law § 401 and § 509. *See* Dkt. No. 6 at 23. Therefore, Plaintiff has failed to state a malicious prosecution claim against Defendants. *See id.*

### 2. Claims against Prosecutors

Magistrate Judge Evangelista recommends dismissal of Plaintiff's malicious prosecution claims against Defendants Stanzione and Sandleitner based on a lack of sufficient explanation as to how they, as prosecutors, were personally involved in any purported malicious prosecution. *See* Dkt. No. 6 at 23. "'In this Circuit[,] personal involvement of [D]efendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Moffit v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991) (quoting *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). Plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

Here, Plaintiff alleges that after a "50-H hearing at the Greene County Office Building" Defendants Stanzione and Sandleitner engaged "in a seditious conspiracy to overthrow the Constitution and violate his God-given rights." Dkt. No. 1 at 15. Plaintiff bases his claims on Defendants' failure to respond to his multiple attempts to contact them at their places of employment to provide a supporting deposition. *See id.* Plaintiff alleges this created a "legal

problem" for Plaintiff and constituted a "continued [] deprivation of Plaintiff's rights to private

property and substantive and procedural due process." *Id.* The Court agrees with Magistrate

Judge Evangelista's recommendation that Plaintiff has failed to connect Defendant Stanzione or

Sandleitner's conduct to a malicious prosecution.

Magistrate Judge Evangelista also states, in a footnote, that Defendants Stanzione and

Sandleitner are likely immune from suit on grounds of prosecutorial immunity. *See* Dkt. No. 6 at

23 n.15. "The Second Circuit has made clear that 'prosecutors enjoy "absolute immunity from §

1983 liability for those prosecutorial activities intimately associated with the judicial phase of the

criminal process."'" *Werkheiser v. Cnty. of Broome*, 655 F. Supp. 3d 88, 100 (N.D.N.Y. 2023)

(quoting *Anilao v. Spota*, 27 F.4th 855, 864 (2d Cir. 2022)) (additional quotation omitted). "For

example, a prosecutor enjoys absolute immunity when determining which offenses to charge,

initiating a prosecution, presenting a case to a grand jury, and preparing for trial." *Anilao*, 27

F.4th at 864 (citing *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995)); *see also Imbler v.

Pachtman*, 424 U.S. 409, 431 (1976). Therefore, the Court agrees with Magistrate Judge

Evangelista's recommendation that even if Plaintiff sufficiently alleged Defendant Stanzione and

Sandleitner's personal involvement in a prosecution, the claims against them are barred by

prosecutorial immunity and must be dismissed. *See* Dkt. No. 6 at 23 n.15.

**E.     Private Actor Liability**

The Court also adopts Magistrate Judge Evangelista's conclusion that John Vandenburgh,

owner of JR's Transmission, cannot be held liable for the alleged constitutional violations because

Plaintiff's complaint does not plausibly suggest that Defendant Vandenburgh was acting under the

color of state law or in concert with state actors. *See* Dkt. No. 6 at 21. Plaintiff alleges that

Defendant Vandenburgh engaged in a conspiracy with the State to violate his constitutional rights

when an unidentified employee of JR's Transmission assisted with a tow truck removal of Plaintiff's van after Plaintiff received the traffic citations. *See* Dkt. No. 1 at 17. "In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citing *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992). "'To state a claim against a private entity on a [§] 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.'" *Id.* at 324 (quoting *Spear*, 954 F.2d at 68)). Plaintiff must show the private actor "'is a willful participant in joint activity with the State or its agents.'" *Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). However, "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Id.* (citing *Spear*, 954 F.2d at 68).

Plaintiff's complaint contends Defendant Vandenburgh was "a willing participant" and "act[ed] under color of New York State Vehicle and Traffic Law." Dkt. No. 1 at 17. However, the complaint contains no factual basis to plausibly assert Defendant Vandenburgh conspired to deprive the Plaintiff of his private property. *Ciambrello*, 292 F.3d at 324. It is not sufficient that Plaintiff's vehicle was impounded at JR's Transmission to constitute state action as "courts have rejected the notion that private towing companies operating pursuant to licenses, permits, or contracts issued by the state are state actors." *VW Credit Leasing LTD. v. Runway Towing Corp.*, 757 F. Supp. 3d 271, 289 (E.D.N.Y. 2024) ("Companies that provide services to municipalities . . . are not thereby transformed into state actors . . . where, as here, the function performed (towing cars) has not been historically, traditionally and exclusively the prerogative of the state") (quoting *Calderon v. Burton*, 457 F. Supp. 2d 480, 488 (S.D.N.Y. 2006)). For these reasons, the Court

14

adopts Magistrate Judge Evangelista's recommendation to dismiss the claims against Defendant

Vandenburgh. *See* Dkt. No. 6 at 21.

Additionally, the Court adopts the recommendation of Magistrate Judge Evangelista that

Defendant Vandenburgh cannot be liable for conspiracy. *See* Dkt. No. 6 at 21-22. "A valid claim

of conspiracy under § 1983 to violate a complainant's constitutional rights must contain

allegations of (1) a conspiracy itself, plus (2) actual deprivation of constitutional rights. A

violated constitutional right is a natural prerequisite to a claim of conspiracy to violate such

right." *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) (citing *Malsh v. Austin*,

901 F. Supp. 757, 765 (S.D.N.Y. 1995)). "[I]f a plaintiff cannot sufficiently allege a violation of

his rights, it follows that he cannot sustain a claim of conspiracy to violate those rights." *Id.*

(citation omitted). Plaintiff's allegations are conclusory and lack a constitutional violation on

which to stand because, as explained later in this Memorandum-Decision and Order, no

constitutional violation has been properly alleged. *See Hendrick v. Maryland*, 235 U.S. 610, 622

(1915).

The Court also agrees with Magistrate Judge Evangelista's recommendation to dismiss

Plaintiff's alleged §§ 1985 and 1986 claims whereby there must be "'(1) a conspiracy; (2) for the

purpose of depriving, either directly or indirectly, any person or class of persons of equal

protection of the laws, . . . ; (3) an act in furtherance of the conspiracy; (4) whereby a person is . . .

deprived of any right of a citizen of the United States.'" *Brown v. City of Oneonta, New York*, 221

F.3d 329, 341 (2d Cir. 2000) ("[A] § 1986 claim must be predicated on a valid § 1985 claim").

Such claims must be motivated by "'some racial, or perhaps otherwise class-based, invidiously

discriminatory animus behind the conspirators' action.'" *Colombrito v. Kelly*, 764 F.2d 122, 130

(1985) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). As noted by Magistrate Judge

Evangelista, Plaintiff has not alleged class-based or racial animus.  *See* Dkt. No. 6 at 20.

Therefore, the Court adopts that portion of the Report-Recommendation and Order which

recommends the §§ 1985 and 1986 claims be dismissed.  *See id.* at 19-20.

      Next, as to Defendant Scaturro, a Greene County Public Defender, Plaintiff's claims must

also be dismissed.  The Supreme Court has noted "that a public defender does not act under color

of state law when performing a lawyer's traditional functions as counsel to a defendant in a

criminal proceeding."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Tapp v.*

*Champagne*, 164 Fed. Appx. 106, 108 (2d Cir. 2006).  Plaintiff has not alleged that Defendant

Scaturro has acted outside his traditional functions as a public defender.  *See* Dkt. No. 1 at 18-19.

Therefore, Plaintiff cannot bring a cause of action under § 1983 against Defendant Scaturro and

the claim must be dismissed.  *See id.*

**F.      Failure to State a Claim**

      Magistrate Judge Evangelista concluded Plaintiff's complaint must be dismissed as

frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §

1915(e)(2)(B)(i) and (ii).  *See* Dkt. No. 6 at 28.  The Second Circuit has defined "an action [as]

'frivolous' when either: (1) 'the "factual contentions are clearly baseless, such as when allegations

are the product of delusion or fantasy;' or (2) 'the claim is based on an "indisputably meritless

legal theory."'"  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)

(quoting *Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir. 1990)) (additional quotation omitted).

      Plaintiff's complaint and the basis of his objections turn on whether the State of New York

can constitutionally require an individual to maintain a valid driver's license and vehicle

registration.  *See* Dkt. No. 1 at 9; *see also* Dkt. No. 7 at 15-16.  The Supreme Court addressed this

issue in *Hendrick v. Maryland*, and stated as follows:

> In the absence of national legislation covering the subject, a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles, []those moving in interstate commerce as well as others.  And to this end it may require the registration of such vehicles and the licensing of their drivers, charging therefor reasonable fees graduated according to the horse-power of the engines, []a practical measure of size, speed, and difficulty of control.  This is but an exercise of the police power uniformly recognized as belonging to the states and essential to the preservation of the health, safety, and comfort of their citizens; and it does not constitute a direct and material burden on interstate commerce.

*Ali v. Siwek*, No. 23-CV-354, 2023 WL 9184481, *3 (W.D.N.Y. Dec. 18, 2023) (quoting *Hendrick*, 235 U.S. at 622) (alterations omitted).  Driving a vehicle, as Plaintiff was witnessed doing by Defendant Schrader, has never been recognized as a fundamental constitutional right; therefore, Plaintiff has not alleged a deprivation of a constitutional right.  *See* Dkt. No. 6 at 8; *see also Crandall v. New York State Dep't of Motor Vehicles*, No. 1:10-CV-918, 2011 WL 2295742, *2 (N.D.N.Y June 8, 2011) (quoting *Haselton v. Amestoy,* No. 1:03-CV-223, 2003 WL 23273581, *2 (D. Vt. Mar. 16, 2004)).

It has been recognized that the states have the constitutional police power to regulate and "enact laws requiring owners of motor vehicles to register those vehicles." *Ali*, 2023 WL 9184481 at *3 ; *see also Morris v. Duby*, 274 U.S. 135, 143 (1927); *Kane v. New Jersey*, 242 U.S. 160, 167 (1916) ("The power of a state to regulate the use of motor vehicles on its highways has been recently considered by this court and broadly sustained").  The Second Circuit has acknowledged an "undenied power of a state to impose a registration or license fee on those using motor vehicles in the state[.]"  *Spector Motor Serv. Inc., v. Walsh, Tax Com'r*, 139 F.2d 809, 814 (2d Cir. 1943) (citing *Hendrick*, 235 U.S. at 622).  "[T]here cannot be the slightest doubt of the validity of th[e] requirement" for states to mandate individuals to have a valid vehicle registration.  *Munz v.*

*Harnett*, 6 F. Supp. 158, 160 (S.D.N.Y. 1933) (citing *Hendrick*, 235 U.S. at 622).

It is well established that a state may "prescribe uniform regulations covering the ownership and operation of these vehicles" in order to minimize risks to public safety on highways. *Id.*; *see also Morris*, 274 U.S. at 143; *Kane*, 242 U.S. at 167. "The enforcement and documentation of New York's license requirements thus fall squarely within the parameters of the state's constitutional authority and cannot form the basis of Plaintiff's constitutional deprivation claim." *Scalpi v. Town of E. Fishkill*, No. 14-CV-2126, 2016 WL 831956, *5 (S.D.N.Y. Feb. 29, 2016); *see also Ali*, 2023 WL 9184481, at *3 (concluding that the plaintiff was unable to bring a § 1983 action because he had not plausibly alleged that by being required to register his vehicle, he was denied "a right, privilege, or immunity secured by the Constitution or laws of the United States") (citing *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997)).

Plaintiff's belief that he is exempt from having a driver's license because he was "traveling," is unfounded, as the statutory definition he relies on is confined to commercial drivers during mandatory travel rest times. *See* 49 C.F.R. § 395.1(j)(1). Plaintiff claims he was not "driving" without a license because he defines "driving" as "ranching parlance to drive cattle to market, a commercial activity." Dkt. No. 1 at 7. Magistrate Judge Evangelista explained that the 1894 Supreme Court case cited by Plaintiff does not support Plaintiff's assertion that states only have authority to regulate the use of "public roads for commercial activity." Dkt. No. 1 at 7; *see* Dkt. No 6. at 19 n.13 (citing *Interstate Com. Comm'n v. Brimson*, 154 U.S. 447 (1894)). The Court agrees with Magistrate Judge Evangelista that Plaintiff's belief is misplaced and there is no valid legal support for the position that Plaintiff is exempt from state laws requiring a driver's license and vehicle registration. *See* Dkt. No. 6 at 17.

Additionally, the term "motor vehicle" in 18 U.S.C. § 31(a)(6) is applicable only to the

referenced chapter of the statute regarding crimes and criminal procedures of aircraft and motor vehicles—not to the personal use Plaintiff describes in the complaint. *See* 18 U.S.C. § 31(a). Therefore, Plaintiff's argument that he was not operating a motor vehicle is meritless. *See* Dkt. No. 1 at 6. This further renders Plaintiff's objection stating he was using an "automobile for private purposes" under New Hampshire case law and not a "motor vehicle" used for commercial purposes, frivolous. Dkt. No. 7 at 8; *see American Mut. Liab. Ins. Co. v. Chaput*, 95 N.H. 200, 203 (N.H. 1948).

The majority of Plaintiff's objections echo the same premise of his complaint. *See* Dkt. No. 7 at 19-37. In Plaintiff's objections, he argues the "real purpose" of requiring driver's licenses is an "insidious" scheme requiring citizens to "give up his/her Constitutional Right to travel in order to accept and exercise a privilege under Contract" so that the legislature may execute a "slow, meticulous, calculated encroachment upon the Citizen's Right to travel." *Id.* at 34, 51. Plaintiff contends that state driver's license and vehicle registration laws are an abuse of the Constitutional "right to travel," Congressional "taxing power," are a "conversion of a right to a crime," and a violation of Article I, Section 10, Clause 1 of the U.S. Constitution because driver's licenses "are obviously[] Noble entitlements and franchises[.]" *Id.* at 13-19, 25-26, 39. As the Court has explained in this Memorandum-Decision and Order, these arguments do not support a cognizable legal claim and, therefore, the Court adopts Magistrate Judge Evangelista's conclusion that Plaintiff's complaint must be dismissed. *See* Dkt. No. 6 at 15.

## G. Supplemental Jurisdiction

Magistrate Judge Evangelista recommends dismissal of Plaintiff's state law claims because, under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction over state law claims if:

> (1) the claim raises a novel or complex issue of State law, (2) the
> claim substantially predominates over the claim or claims over
> which the district court has original jurisdiction, (3) the district
> court has dismissed all claims over which it has original
> jurisdiction, or (4) in exceptional circumstances, there are other
> compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *see* Dkt. No. 6 at 26.  In the present case, all claims over which the Court

would have original jurisdiction have been dismissed, leaving only Plaintiff's state law claims.

Pursuant to 28 U.S.C. § 1367(c)(3), Magistrate Judge Evangelista correctly recommends that the

Court should decline to exercise supplemental jurisdiction over the state law claims.  *See* 28

U.S.C. § 1367(c); *see also Chompupong v. City of Schenectedy*, No. 1:17-CV-929, 2021 WL

1758803, *3 (N.D.N.Y. May 4, 2021).  Accordingly, Plaintiff's state law claims are dismissed.[9]

## H.    Dismissal and Leave to Amend

Finally, the Court agrees with Magistrate Judge Evangelista's recommendation that

Plaintiff's complaint be dismissed without leave to amend.  *See* Dkt. No. 6 at 27.  Generally, "'[a]

*pro se* complaint should not be dismissed without the Court granting leave to amend at least once

when a liberal reading of the complaint gives any indication that a valid claim might be stated.'"

*Edwards v. Penix*, 388 F. Supp. 3d 135, 144 (N.D.N.Y. 2019) (quoting *Nielsen v. Rabin*, 746 F.3d

58, 62 (2d Cir. 2014)).  "However, if the problems with a complaint are 'substantive' rather than

the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be

'futile' and 'should be denied.'"  *Id.* at 144-45 (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d

Cir. 2000)).  Due to the substantive deficiencies in Plaintiff's complaint, amendment would be

---

[9] Additionally, the Court adopts Magistrate Judge Evangelista's recommendation that insofar as
Plaintiff seeks to assert a claim under 18 U.S.C. § 1589, Plaintiff has no private right of action to
enforce a state or federal criminal law statute.  *See* Dkt. No. 6 at 24; *see also McFadden v. Ortiz*,
No. 5:12-CV-1244, 2013 WL 1789593, *3 (N.D.N.Y. Apr. 26, 2013).

futile and leave to amend will not be granted.

The Court also agrees with Magistrate Judge Evangelista's recommendation to dismiss Plaintiff's claims against the State of New York and Commissioner Mark J.F. Schroeder based on sovereign immunity without prejudice because "[g]enerally, dismissals for lack of subject-matter jurisdiction must be without prejudice[.]"  *Mulhern Gas Co. v. Rodriguez*, No. 1:23-CV-1267, 2024 WL 3992588, *3 (N.D.N.Y. Aug. 29, 2024) (citing *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017)); *Karupaiyan v. New York*, No. 23-1257, 2024 WL 2174272, *2 (2d Cir. May 15, 2024).  Therefore, the Court adopts Magistrate Judge Evangelista's recommendation to dismiss the claims against the State of New York and Commissioner Mark J.F. Schroeder without prejudice.  *See* Dkt. No. 6 at 28.

For the remaining portions of Plaintiff's federal claims, the Court agrees with Magistrate Judge Evangelista's recommendation to dismiss the claims with prejudice because "[d]ismissals for failure to state a claim . . . are generally with prejudice."  *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) (quoting *Donnelly v. CARRP*, 37 F.4th 44, 57 (2d Cir. 2022)); *see also* FED. R. CIV. P. 41(b).

## IV. CONCLUSION

After carefully considering Plaintiff's submissions, Magistrate Judge Evangelista's Report-Recommendation and Order, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Evangelista's Report-Recommendation and Order (Dkt. No. 6) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) asserted against Defendants State of New York and Commissioner Mark J.F. Schroeder in his official capacity is **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that the remainder of Plaintiff's federal claims are **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which are **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the local rules.

**IT IS SO ORDERED.**

Dated:  July 22, 2025
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

22